IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHEN S. EDWARDS,

    Plaintiff,

    v.    No. 1:21-cv-01180-KWR-LF

HANUMAN CORPORATION,
*doing business as* Tru by Hilton
Albuquerque North,
BRITISH SECURITY SERVICES, LLC, and
CIVEROLO, GRALOW & HILL,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTIONS TO RECUSE

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reassign Magistrate Judge Laura Fashing and an Order for Subpoena for Video Evidence **(Doc. 9)** and Plaintiff's Motion to Reassign Case **(Doc. 17)**. Having considered the record and the applicable law, the Court finds that Plaintiff's motions are **NOT WELL-TAKEN** and will be **DENIED**.

This case stems from an alleged theft in a hotel parking lot. Plaintiff, proceeding *pro se*, alleges that his vehicle was broken into while parked at a hotel and that several items were taken from his vehicle. In his original complaint, Plaintiff asserted claims against the Defendant Hanuman (the hotel entity) and British Security Services, LLC. He asserted (1) gross negligence in violation of 19 U.S.C. § 1592 and (2) bad faith. He alleges that he suffered damages in excess of $75,000. In his amended complaint, Plaintiff added claims for violation of 42 U.S.C. § 1983 and negligence. He also added claims against the law firm representing the Defendants.

    **I.**    **Recusal Motions.**

Plaintiff moves to recuse and reassign Judge Fashing and the undersigned under 28 U.S.C. § 455.  *See* **Doc. 21 at 1-2** (plaintiff states he seeks recusal under § 455).[1]

A judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This is an objective test, based on a judge's "outward manifestations and reasonable inferences drawn therefrom," rather than the judge's actual state of mind. *Nichols v. Alley,* 71 F.3d 347, 351 (10th Cir.1995).  The purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the appearance of impropriety. *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 860 (1988). A judge must also disqualify herself where she "has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(b).

"[A] judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient *factual grounds* exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley,* 1 F.3d 985, 992 (10th Cir.1993) (emphasis added). The issue is "whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality." *Nichols v. Alley,* 71 F.3d 347, 351 (10th Cir.1995) (quotation omitted); *Cooley,* 1 F.3d at 993. The standard is purely objective. *See Nichols,* 71 F.3d at 350; *Cooley,* 1 F.3d at 993; *Scott v. Rubio,* No. 12–2063, 516 Fed.Appx. 718, 722, 2013 WL 410865, at *3 (10th Cir. Feb. 4, 2013). "The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley,* 1 F.3d at 993; *Nichols,* 71 F.3d at 351. The decision to recuse is committed to the sound discretion of the district court. *Cooley,* 1 F.3d at 994; *Phillips v. The Pepsi Bottling Group,* No.

---

[1] Plaintiff has not referenced or requested recusal under 28 U.S.C. §144(a) and has not filed the required affidavit.

08–1003, 373 Fed.Appx. 896, 898, 2010 WL 1619259, at *2 (10th Cir. April 22, 2010) (discussing § 455(b)(1)).

However, the statute "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice. Neither is the statute intended to bestow veto power over judges or to be used as a judge shopping device. Further…a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Nichols*, 71 F.3d at 351 (citations omitted).

Plaintiff asserts that Judge Fashing issued a "derogatory order" and "her words were disrespectful and wrong." **Doc. 9 at 1-2.** Plaintiff has not pointed to which words were derogatory, disrespectful, or wrong.  Initially, the Court notes that a judicial ruling rarely warrants recusal. "[A]dverse rulings cannot in themselves form the appropriate grounds for disqualification." *Green v. Branson,* 108 F.3d 1296, 1305 (10th Cir.1997) (quotation omitted).

Judge Fashing issued an order denying Plaintiff's motion for alternative service. **Doc. 6.** The Court has reviewed Judge Fashing's order and finds that nothing in the order was "disrespectful,", "derogatory", or "wrong." Nothing in Judge Fashing's ruling suggests bias or prejudice, and nothing raises doubts as to her impartiality. The Court finds that recusal or reassignment of Judge Fashing pursuant to 28 U.S.C. § 455 would be inappropriate.  Therefore, the Court denies Plaintiff's motion to reassign Judge Fashing **(Doc. 9).**

Plaintiff also requests that the undersigned recuse and this case be reassigned to another presiding judge. **Doc. 17.** Plaintiff alleges that my alleged family member sent Plaintiff homophobic and racist text messages threatening him. **Doc. 17.** Plaintiff states "there is a conflict of interest with Judge Riggs because her family member in Arizona actually threatened me and

3

called me ****** those exhibits are on record.  Judge Riggs married into a bad family and because of her religious beliefs she probably will discuss this and another case matters with her husband even though she shouldn't."  **Doc. 21 at 1.**  As support for his allegations, Plaintiff attaches a printout of the alleged text messages.  *See* **Doc. 17.**

I have reviewed the printout of the alleged text messages and find that I am not related to whomever allegedly sent the text messages.  Moreover, the printout of alleged text messages provided by Plaintiff carries little to no evidentiary weight.  It is unclear whether the printout shows genuine text messages. Even if they were genuine text messages sent by someone to Plaintiff, the printout does not provide evidence of who sent them.  The only indication of who sent the text messages to Plaintiff is Plaintiff's own statement.  **Doc. 17 at 5** ("M Riggs are you that racist."). The screenshots do not include a telephone number or name.

This type of unsubstantiated rumor, suspicion, or innuendo unsupported by facts is not a basis for a judge to recuse from a case.  *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (Judge should not recuse based on "rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters"); *Willner v. Univ. of Kansas*, 848 F.2d 1023, 1027 (10th Cir. 1988) (judge need not recuse where plaintiff's speculation that an attorney for defendants was related to the judge was unsupported by evidence and judge denied any familial relation to the attorney).  "[S]ection 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986); *see also Willner v. Univ. of Kansas*, 848 F.2d 1023, 1027 (10th Cir. 1988) ("A reasonable person would not doubt a judge's impartiality on the basis of a hearsay statement from an undisclosed informer

of unknown reliability."). Here, no reasonable person could reasonably question my impartiality based on the printout of the alleged text messages provided by Plaintiff.

Therefore, the Court concludes that no appearance of impropriety, bias, or prejudice requires recusal under 28 U.S.C. § 455. The Court denies Plaintiff's Motion to Reassign Judge Kea W. Riggs **(Doc. 17)**.

II.     **Court denies request for subpoena without prejudice.**

Plaintiff also seeks the issuance of a subpoena to Defendant Hanuman to produce security video. **Doc. 9 at 4.**

Fed. R. Civ. P. 26 governs the scope and timeframe of initiating discovery. Under Fed. R. Civ. P. 26(d)(1), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Here, Plaintiff seeks the issuance of a subpoena, but it appears that a Rule 26(f) conference has not yet been held. Plaintiff's request therefore appears to be premature. The Court will deny Plaintiff's request without prejudice until the parties have conducted a Rule 26(f) conference.

**IT IS THEREFORE ORDERED** that Plaintiff's Motions to Reassign **(Docs. 9, 17)** are **DENIED.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**

5