IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHEN S. EDWARDS,

    Plaintiff,

    v.                                                 No. 1:21-cv-01180-KWR-LF

HANUMAN CORPORATION,
*doing business as* Tru by Hilton Albuquerque North,
BRITISH SECURITY SERVICES, LLC, and
CIVEROLO, GRALOW & HILL,

    Defendants.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT

**THIS MATTER** comes before the Court on Defendant Hanuman Corporation's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim, filed January 18, 2022 (**Doc. 13**). On January 24, 2022, Plaintiff Stephen Edwards, proceeding *pro se*, filed an amended complaint. Plaintiff was permitted to file his amended complaint as a matter of course, without leave or consent. *See* Fed. R. Civ. P. 15(a).

"The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded." *Strich v. United States*, No. 09-CV-01913-REB-KLM, 2010 WL 148269, at *1 (D. Colo. Jan. 11, 2010). Here, Plaintiff's amended complaint supersedes his original complaint. Because the amended complaint supersedes the original complaint, Defendant Hanuman's motion to dismiss the original complaint is directed at an inoperative pleading, rendering it moot. *See, e.g.*, *AJB Properties, Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. Apr. 28, 2009) (finding that an amended complaint superseded the original complaint and accordingly, defendant's motion to dismiss the original

complaint is denied as moot); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they [were] directed at a pleading that is no longer operative"). Accordingly, Defendant Hanuman's Motion to Dismiss (**Doc. 13**) is **DENIED AS MOOT**.

    **IT IS SO ORDERED.**

                                **KEA W. RIGGS**
                                **UNITED STATES DISTRICT JUDGE**