# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STEPHEN S. EDWARDS,

      Plaintiff,

      v.                                                                                                No. 1:21-cv-01180-KWR-LF

HANUMAN CORPORATION,
*doing business as* Tru by Hilton Albuquerque North,
BRITISH SECURITY SERVICES, LLC, and
CIVEROLO, GRALOW & HILL,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendant Hanuman Corporation's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim (**Doc. 20**). Having considered the record and the applicable law, the Court finds that Defendant's motion is **WELL-TAKEN**, and therefore, is **GRANTED**.

### BACKGROUND

This case stems from an alleged theft in a hotel parking lot. Plaintiff Stephen Edwards, proceeding *pro se*, alleges that his vehicle was broken into while parked at the Tru by Hilton in Albuquerque, New Mexico, Defendant Hanuman's hotel, and that several personal items were stolen from his vehicle. Plaintiff alleges that he suffered damages in excess of $75,000, and seeks to recover from Defendants Hanuman, British Security Services, LLC, the company who allegedly employed the hotel guard on the night of the theft, and Civerolo, Gralow & Hill, the law firm representing Defendant Hanuman. Plaintiff asserts the following claims: (1) a violation of 42 U.S.C. § 1983, (2) negligence, (3) gross negligence in violation of 19 U.S.C. § 1592, and (4) bad

faith. Defendant Hanuman now moves to dismiss the claims against it on the ground that Plaintiff's Amended Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* **Doc. 20**.

## LEGAL STANDARD

Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. As such, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014).

In ruling on a motion to dismiss, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The Court must draw all reasonable inferences in Plaintiff's favor. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). However, mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

**DISCUSSION**

**I.  The Claim under 42 U.S.C. § 1983 (Count I) is Dismissed.**

Plaintiff alleges that Defendant violated § 1983 and his "civil rights" by "putting the safety and personal property and all the guests who stayed there at the newly built Tru by Hilton Hotel in harm's way." *See* **Doc. 18, at 3**. Defendant Hanuman contends that Plaintiff's § 1983 claim must be dismissed because Plaintiff has failed to allege that Hanuman is a state actor. *See* **Doc. 20, at 6–8**. The Court agrees.

42 U.S.C. § 1983 provides a cause of action for those whose rights under the Constitution or laws of the United States have been violated by persons acting under color of state law. *See McLaughlin v. Bd. Of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). To state a claim under § 1983, a person must show (1) the deprivation of a right secured by the federal constitution or by federal law and (2) that the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

"[T]he only proper defendants in a Section 1983 claim are those who represent the state in some capacity, whether they act in accordance with their authority or misuse it." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (internal quotations and alterations omitted). Thus, in order to prevail on a § 1983 claim alleging a deprivation of constitutional rights, a plaintiff must show that he was injured as a result of state action. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Read v. Klein*, 1 F. App'x 866, 870 (10th Cir. 2001). Where a litigant seeks to hold a private party accountable as a state actor for constitutional deprivations, the Tenth Circuit uses a flexible approach to determine what constitutes action under "color of law," applying a variety of tests to the facts of each case: (1) the public function test, where a private entity that exercises powers traditionally exclusively reserved to the state is engaged in state action;

(2) the nexus test, where a court considers whether a sufficiently close nexus exists between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself; (3) the symbiotic relationship test which considers whether the state has so far insinuated itself into a position of interdependence with the private party that there is a symbiotic relationship between them; and (4) the joint action test where if a private party is a willful participant in joint activity with the state or its agents, state action is present. *See Gallagher*, 49 F.3d at 1447; *Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002). "At the heart of each test is whether the conduct allegedly causing the deprivation of a federal right is fairly attributable to the State." *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1235 (10th Cir. 2020) (internal quotations and alterations omitted).

Here, it is undisputed that Defendant Hanuman is a private party. Plaintiff has failed to plead allegations under any recognized theory that would allow the Court to draw a reasonable inference that Defendant Hanuman was acting "under color of state law" or that the alleged conduct that caused a deprivation of Plaintiff's rights was attributable to the State. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations omitted). Further, Plaintiff has failed to plausibly allege the violation of a right secured by the federal constitution. Thus, Plaintiff's 42 U.S.C. § 1983 claim against Defendant Hanuman must be dismissed.

## II.     The Negligence Claim (Count II) is Dismissed.

Next, Plaintiff alleges that Defendant Hanuman "had a duty to protect [its] guest[s]" and "neglected to keep their parking lot safe [thus] jeopardizing the public's safety." *See* **Doc. 18, at**

4 ¶¶ 13–17. Defendant argues that New Mexico law limits the liability of hotelkeepers for such loss, and therefore, Plaintiff cannot maintain a negligence claim. *See* **Doc. 20, at 8**.

Generally, "a negligence claim requires [1] the existence of a duty from a defendant to a plaintiff, [2] breach of that duty, which is typically based upon a standard of reasonable care, and [3] the breach being a proximate cause and cause in fact of the plaintiff's damages." *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 6, 134 N.M. 43, 47–48, 73 P.3d 181, 185–86. Traditionally, under the common law rule, an "innkeeper,"[1] although not negligent, was liable for loss of property of a guest under its care unless the loss was caused by "acts of God, the public enemy or the guest himself." *See Albuquerque Hilton Inn v. Haley*, 1977-NMSC-051, ¶ 6, 90 N.M. 510, 511, 565 P.2d 1027, 1028. Later, the New Mexico Legislature adopted a rule to restrict the liability of innkeepers for certain classes of property. N.M. Stat. Ann. § 57-6-1 provides that: "Hotelkeepers shall be liable to their guests for loss of property brought by such guests into the hotel when such loss is caused by the theft or negligence of a hotelkeeper or his servants, not to exceed the sum of one thousand dollars." The statute, however, also grants that any hotelkeeper who provides "a suitable safe in his hotel for safekeeping of any money, jewels, ornaments or other valuables belonging to his guests and [notifies] them thereof by posting a printed notice conspicuously in the rooms of such hotel that such safe has been provided for said purpose," shall not be liable "for the loss of any money, jewels, ornaments or other valuables by theft or otherwise which any guest…neglected to deposit" in the safe. *Id.*

Defendant Hanuman argues that the "interpretation of [§ 57-6-1] should be to the benefit of the hotelkeepers," and that Plaintiff cannot state a claim because he failed to allege that a suitable

---

[1] An innkeeper (interchangeable with "hotelkeeper") is "[s]omeone who, for compensation, keeps open a public house for the lodging and entertainment of travelers." *See* Innkeeper, Black's Law Dictionary (11th ed. 2019).

safe was not available at the hotel. *See* **Doc. 20, at 8–9**. Plaintiff fails to address Hanuman's contentions. *See* **Doc. 21**.

The Court has found no published decision in New Mexico that addresses a hotel owner's liability for loss of the contents from a guest's motor vehicle parked on the innkeeper's premises, and it is unclear whether N.M. Stat. Ann. § 57-6-1 applies in this case.[2] *Compare* N.M. Stat. Ann. § 57-6-1 ("Hotelkeepers shall be liable to their guests for loss of property *brought by such guests into the hotel* when such loss is caused by the theft or negligence of a hotelkeeper.") *with* Nev. Rev. Stat. Ann. § 651.010 ("An owner or keeper of any hotel…is not civilly liable for the theft, loss, damage or destruction of any property brought by a patron *upon the premises or left in a motor vehicle*…in the absence of gross neglect by the owner.") *and Plant v. Howard Johnson's Motor Lodge*, 500 N.E.2d 1271, 1273 (Ind. Ct. App. 1986) (concluding that the Indiana innkeeper statute should be strictly construed, and because the statute limits liability to items "brought into such hotel or inn," it did not apply to "a motel guest's moving van and its contents parked in an outside parking lot").

Nevertheless, Plaintiff has failed to plausibly state a claim. Under the statutory framework of § 57-6-1, negligence by the hotelkeeper may arise in two ways. First, the hotelkeeper may be negligent in such a way that he or she fails to satisfy the conditions of the statute, for example, failing to provide a safe or post notice. Second, the hotelkeeper may fulfill the statute's conditions, but some other negligent act causes the loss of property.

---

[2] Defendant argues that an interpretation of the statute would clearly limit Plaintiff's claim and relies on *Albuquerque Hilton Inn v. Haley*, where the New Mexico Supreme Court declined to adopt the reasoning that "the statute only applies to property brought physically into the hotel by the guest or his agent." 565 P.2d at 1028. However, Defendant's position is inapposite. In that case, the lost property was physically inside the hotel at the time of the theft or loss. *Id.* The conclusion reached by the court in *Albuquerque Hilton Inn* appears reliant on that plaintiff's contention that neither *she nor her agent* brought the property to the hotel, instead, it was brought into the hotel by *a third-party*, Texas International Airlines.

Here, Plaintiff alleges that an Apple Mac Computer, a "Gold Diamond Encrusted Rolex watch," and his "Passport and cash" were stolen from his vehicle parked in the hotel lot by unknown third parties. *See* **Doc. 18, at 6–7**. Plaintiff's vehicle was not damaged. *Id.* **at 7**. Assuming Plaintiff's claims are true, the second part of § 57-6-1 appears operative as Plaintiff's stolen items are "money, jewels, ornaments or other valuables" expressly covered under the statute. Plaintiff has not alleged that Defendant Hanuman failed to provide an adequate safe for these valuables or that Defendant did not post a conspicuous notice regarding the safekeeping of valuables. Plaintiff has also failed to allege that § 57-6-1 is inapplicable here. However, even if § 57-6-1 does not apply, Plaintiff has not plausibly alleged Defendant owed a duty under New Mexico law to protect the contents of Plaintiff's vehicle.[3] Plaintiff's conclusory statements of law are insufficient. Therefore, the Court concludes that Plaintiff has failed to plausibly state a claim for negligence and this claim against Defendant Hanuman must be dismissed.

### III.     The 19 U.S.C. § 1592 Claim for Gross Negligence (Count III) is Dismissed.

Plaintiff asserts that Defendant Hanuman violated 19 U.S.C. § 1592 by failing to warn guests of a security problem at its hotel to which it was aware, and failing to adequately secure the hotel parking lot or timely respond to security concerns, thus allowing Plaintiff's vehicle to be broken into and his belongings stolen. *See* **Doc. 18, at 5–8**. Defendant contends that this claim has no nexus to the facts asserted by Plaintiff. *See* **Doc. 20, at 4**; **Doc. 25, at 7**.

The Tariff Act of 1930, 19 U.S.C. § 1592, provides for civil penalties for fraud, negligence, and gross negligence in importing merchandise. Section 1592 prohibits individuals from using "fraud, gross negligence, or negligence" to introduce or attempt to introduce "any merchandise

---

[3] The innkeeper-guest relationship can confer a duty to exercise reasonable or ordinary care under specific circumstances and give rise to an affirmative duty to protect guests from bodily harm or render aid. *See* Restatement (Second) of Torts §§ 314A, 315; *Coca v. Arceo*, 1962-NMSC-169, ¶ 7, 71 N.M. 186, 189, 376 P.2d 970, 973.

into the commerce of the United States by means of" a "material and false" act or omission. 19 U.S.C. § 1592(a)(1). "Properly framed, § 1592 creates a cause of action for the United States to recover a penalty claim" for violations of Customs laws. *United States v. Nitek Elecs., Inc.*, 36 C.I.T. 546, 552 (Ct. Int'l Trade 2012), *aff'd*, 806 F.3d 1376 (Fed. Cir. 2015).

Here, Plaintiff fails to plausibly allege a claim as a matter of law because Plaintiff's pleadings bear no nexus to commerce or the importation of merchandise. *See* 19 U.S.C. § 1592(a)(1). Even if Plaintiff could plausibly allege the requisite elements, Plaintiff fails to show that he has standing or that he may properly bring such a claim against Hanuman. *See id.* § 1592(b) (procedural requirements). Therefore, Plaintiff's claim for gross negligence under 19 U.S.C. § 1592 against Defendant Hanuman is dismissed.

### IV.     The Bad Faith Claim (Count IV) is Dismissed.

Lastly, Plaintiff alleges bad faith by Defendant Hanuman. Plaintiff alleges that staff members at Tru by Hilton "promise[d]" restitution or to reimburse Plaintiff for his loss, but "later reneged." *See* **Doc. 18, at 9 ¶¶ 23–25**. Defendant contends that the parties lack "the relationship that is required to assert an independent cause of action of bad faith." *See* **Doc. 20, at 5**.

"Whether express or not, every contract imposes upon the parties a duty of good faith and fair dealing in its performance and enforcement." *Watson Truck & Supply Co. v. Males*, 1990-NMSC-105, ¶ 12, 111 N.M. 57, 60, 801 P.2d 639, 642. Under New Mexico law, the breach of this covenant "requires a showing of bad faith or that one party wrongfully and intentionally used the contract to the detriment of the other party." *Sanders v. FedEx Ground Package Sys., Inc.*, 2008-NMSC-040, ¶ 7, 144 N.M. 449, 452, 188 P.3d 1200, 1203 (internal quotations omitted). "Absent any honest pursuit of interests to which a party to a contract is entitled, *i.e.*, absent cause or excuse, his or her intentional use of the contract to the detriment of another party is wrongful,

constitutes bad faith, and clearly is a breach of the covenant of good faith and fair dealing." *Watson Truck*, 801 P.2d at 642. Additionally, the independent tort of bad faith may be available to an injured party in limited circumstances. Specifically, the existence of a "special relationship" between the parties may permit tort remedies for breach of an implied covenant of good faith. *See Bourgeous v. Horizon Healthcare Corp.*, 1994-NMSC-038, ¶ 17, 117 N.M. 434, 439, 872 P.2d 852, 857 (concluding that tort recovery for breach of the covenant of good faith and fair dealing is available only where a special relationship exists, such as between an insurer and insured); *Heimann v. Kinder-Morgan* CO2 Co., L.P., 2006-NMCA-127, ¶ 18, 140 N.M. 552, 558, 144 P.3d 111, 117 ("The claim of breach of good faith and fair dealing sounds in contract, at least when no 'special relationship' such as that between an insured and insurer exists.").

Here, Plaintiff fails to plausibly allege the existence of a contractual relationship between himself and Defendant Hanuman. Plaintiff pleads no facts to which the Court can reasonably infer that the parties entered into an agreement to reimburse Plaintiff for any claimed losses. Moreover, though the innkeeper-guest relationship can confer on innkeepers an affirmative duty to render aid or protect guests from bodily injury, *see, e.g.*, Restatement (Second) of Torts § 314A, even if such a relationship was controlling in this context, Plaintiff has failed to plead sufficient facts for the Court to draw a reasonable inference that Defendant is liable for bad faith failure to negotiate or reimburse Plaintiff for his alleged losses.[4] Thus, Plaintiff fails to plausibly state a bad faith claim sounding in tort or contract.

**IT IS THEREFORE ORDERED** that Defendant Hanuman Corporation's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim (**Doc. 20**) is hereby

---

[4] Further, if Plaintiff intended to assert a claim for bad faith failure to protect Plaintiff's property, like Plaintiff's negligence claim, here too, Plaintiff has failed to plausibly allege a recognized duty owed to him under New Mexico law by Defendant Hanuman to protect the contents of Plaintiff's vehicle from thieves.

**GRANTED**. Plaintiff's claims against Defendant Hanuman are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**