# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STEPHEN S. EDWARDS,

    Plaintiff,

v.                                                   No. 1:21-cv-01180-KWR-LF

HANUMAN CORPORATION,
*doing business as* Tru by Hilton Albuquerque North,
BRITISH SECURITY SERVICES, LLC, and
CIVEROLO, GRALOW & HILL,

    Defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS MATTER** comes before the Court upon Defendant Civerolo, Gralow & Hill's Motion to Dismiss Amended Complaint (**Doc. 24**).  This case stems from an alleged theft in a hotel parking lot.  Plaintiff Stephen Edwards, proceeding *pro se*, alleges that his vehicle was broken into while parked at the Tru by Hilton in Albuquerque, New Mexico, Defendant Hanuman Corporation's hotel, and that several personal items were stolen from his vehicle.  Plaintiff alleges that he suffered damages in excess of $75,000, and seeks to recover from Defendants Hanuman, British Security Services, LLC, the company who allegedly employed the hotel guard on the night of the theft, and Civerolo, the law firm defending Hanuman.  Plaintiff asserts the following claims: (1) a violation of 42 U.S.C. § 1983, (2) negligence, (3) gross negligence in violation of 19 U.S.C. § 1592, and (4) bad faith.

Defendant Civerolo moves to dismiss the claims against it on the ground that Plaintiff's Amended Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Alternatively, Defendant argues that Plaintiff failed to properly join Civerolo as a party under Rule 20(a), and therefore, the claims against it must be severed from the suit. *See* **Doc. 24, at 1**.

The Court will grant Defendant's motion to dismiss because Plaintiff did not file a response to the motion, which constitutes consent to grant the motion. *See* D.N.M.LR-Civ. 7.1(b). Pursuant to Local Rule of Civil Procedure 7.4(a), Plaintiff was required to file a response to the motion within fourteen days after service of the motion. "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).

Defendant Civerolo's motion was filed on February 16, 2022. *Pro se* parties are expected to follow the Court's local rules. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."). Plaintiff did not file a response. Therefore, the Court finds that Plaintiff has consented to dismissal of the claims against Defendant Civerolo.

Moreover, on its merits, the Court can find no reason why the claims against Defendant Civerolo should not be dismissed. Reading Plaintiff's Complaint liberally, Plaintiff appears to assert two claims against Defendant, a violation of 42 U.S.C. § 1983 and bad faith.[1] Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Here, Plaintiff cannot plausibly state a claim against Civerolo under § 1983 because Plaintiff failed to allege that Defendant Civerolo is a state actor under any

---

[1] Defendant Civerolo construed the Amended Complaint as asserting all four claims against it, but the Court notes that Plaintiff did not raise any factual allegations against Civerolo for negligence or gross negligence in violation of 19 U.S.C. § 1592. *See* **Doc. 18, at 4–8**.

2

recognized test in the Tenth Circuit. *See Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) ("[T]he only proper defendants in a Section 1983 claim are those who represent the state in some capacity, whether they act in accordance with their authority or misuse it."). Plaintiff also failed to plausibly allege the violation of a right secured by the federal constitution. Additionally, Plaintiff cannot plausibly state a claim against Civerolo for bad faith because Plaintiff failed to plausibly allege the existence of a legal relationship between himself and Civerolo, such as a contract or a special relationship, necessary to maintain an independent claim of bad faith. *See Watson Truck & Supply Co. v. Males*, 1990-NMSC-105, 111 N.M. 57, 801 P.2d 639; *Sanders v. FedEx Ground Package Sys., Inc.*, 2008-NMSC-040, 144 N.M. 449, 188 P.3d 1200. Nor does Plaintiff plausibly allege a relationship between Plaintiff and a third-party that may form the basis for a claim of bad faith against Civerolo. Accordingly, Plaintiff's claims against Defendant Civerolo must be dismissed.

    **IT IS THEREFORE ORDERED** that Defendant Civerolo, Gralow & Hill's Motion to Dismiss Amended Complaint (**Doc. 24**) is hereby **GRANTED**. Plaintiff's claims against Defendant Civerolo are **DISMISSED WITHOUT PREJUDICE**.

    **IT IS FURTHER ORDERED** that Defendant Hanuman's Motion to Strike, In Part, Plaintiff's Amended Complaint (**Doc. 19**) is **DENIED AS MOOT**.

    **IT IS SO ORDERED.**

                                        **KEA W. RIGGS**
                                        **UNITED STATES DISTRICT JUDGE**