# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

———————————————

STEPHEN S. EDWARDS,

      Plaintiff,

      v.                                                 No. 1:21-cv-01180-KWR-LF

HANUMAN CORPORATION,
*doing business as* Tru by Hilton Albuquerque North,
BRITISH SECURITY SERVICES, LLC, and
CIVEROLO, GRALOW & HILL,

      Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court *sua sponte*. Rule 4 of the Federal Rules of Civil Procedure states that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff Stephen Edwards, proceeding *pro se*, filed his complaint in federal court on December 13, 2021. On January 6, 2022, Plaintiff filed a Motion for Alternative Service upon Defendant British Security Services, LLC (**Doc. 5**). In the motion, Plaintiff alleged that Marshall C. Aungier, an agent of Defendant British Security, had moved out of New Mexico, possibly to Boulder, Colorado, and was evading service; therefore, Plaintiff alleged, he had "no other option but to post the summons and complaint upon [Aungier's] last known address." *Id.* **at 2–3**.

On January 7, 2022, Judge Laura Fashing denied Plaintiff's motion.  *See* **Doc. 6**.  Judge Fashing reasoned that Mr. Aungier "may be served in any judicial district of the United States if he is within the United States…even if Mr. Aungier has moved out of [New Mexico]." ***Id.* at 2** (internal quotations omitted).  Thus, Plaintiff "ha[d] options other than serving Mr. Aungier at his last known address in New Mexico." ***Id.***

To date, Plaintiff has yet to serve Defendant British Security, and more than 90 days have passed.  That Plaintiff later filed an Amended Complaint on January 24, 2022 (**Doc. 18**), did not restart the ninety-day period for service under Rule 4(m) because Defendant British Security was named in the original Complaint.  *See Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) (concluding that the period for service "provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint. This construction of the rule prevents the plaintiff from repeatedly filing amended complaints to extend the time for service indefinitely.").

**IT IS THEREFORE ORDERED** that Plaintiff **SHALL SHOW CAUSE** why the Court should not dismiss this case for failure to timely serve Defendant British Security Services, LLC. Plaintiff shall respond **on or before May 10, 2022, by 5:00 p.m.**  In order to comply with this Order to Show Cause, Plaintiff shall file a written response demonstrating sufficient good cause as to the failure to timely effect service.  *See* Fed. R. Civ. P. 4(m).  **If Plaintiff fails to timely respond to this Order to Show Cause or show good cause as to the failure to timely serve British Security, this case may be dismissed without prejudice and without further notice**.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**

2