IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHEN S. EDWARDS,

    Plaintiff,

v.                                                No. 1:21-cv-01180-KWR-LF

BRITISH SECURITY SERVICES, LLC,

    Defendant.

## ORDER DENYING MOTION TO REOPEN

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reopen Case Against Hanuman Corporation and Response for Order to Show Cause (**Doc. 42**).[1] Having reviewed the parties' pleadings and the relevant law, the Court finds that Plaintiff's motion is **NOT WELL-TAKEN** and, therefore, is **DENIED**.

On April 26, 2022, this Court dismissed Plaintiff Stephen Edwards' claims against Defendants Hanuman Corporation and Civerolo, Gralow & Hill without prejudice. **Doc. 36**; **Doc. 37**. The Court concluded that Plaintiffs failed to state a claim against both Defendants. This Court then directed Plaintiff to show cause as to the failure to timely effect service on the remaining Defendant, British Security Services, LLC, and to show cause why his case should not be dismissed for Plaintiff's failure to comply with the Court's orders or prosecute his case. *See* **Doc. 39**; **Doc. 41**. The Court quashed the show cause orders upon Plaintiff's filing of a notice and affidavit of service, and the filing of a motion for default judgment against Defendant British Security. *See* **Doc. 46**.

---

[1] The deadline for Plaintiff to file a reply was July 1, 2022 and has now passed, therefore, the Court shall consider this motion fully briefed.

Now, Plaintiff, proceeding *pro se*, asks the Court to "reopen this matter and allow the parties to litigate…even if that means a trial." *See* **Doc. 42, at 1**. Plaintiff asserts that Defendant Hanuman destroyed evidence, and requests that the Court "order dispute resolution." *Id.* **at 2**. Plaintiff asserts that this Court's purpose is "to referee cases and allow the parties to work out the conclusions…[without] getting in the middle of a dispute." *Id.*[2]

Defendant Hanuman argues, first, that if the Court interprets Plaintiff's pleading as a motion to amend his Complaint, "Plaintiff has already amended his complaint as a matter of right" and "Plaintiff has failed to attach the proposed Second Amended Complaint to his Motion as required by the rules." *See* **Doc. 47, at 2**. Second, Defendant Hanuman argues that because this Court has already dismissed the claims against it, Plaintiff can only seek relief to "reopen" under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. *Id.* **at 3**. Defendant notes that Plaintiff's motion is untimely under Rule 59(e). Defendant further argues that Plaintiff has failed to meet his burden to show that he is entitled to relief, and therefore, the Court should deny the motion. *Id.* **at 4–5**.

Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure permit relief from a final judgment or order. "A final decision must dispose of all claims by all parties, except a decision may otherwise be considered final if it is properly certified as a final judgment." *New Mexico v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016). The Court's prior opinions were not a final judgment or order; the Court did not dismiss all Defendants, but instead left Plaintiff with pending claims against Defendant British Security, and no separate judgment was entered. Therefore, the Court shall construe Plaintiff's motion to "reopen" as a motion to reconsider.

---

[2] Plaintiff also requests that the Clerk of the Court "accept all filings from the plaintiff in PDF format by e-mail." *See* **Doc. 42, at 1**. The Court shall not permit Plaintiff to submit filings in this manner. Plaintiff may electronically submit filings through a CM/ECF account, as previously granted by the Court, for this case only. *See* **Doc. 29**.

A motion to reconsider is an "interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008).  Rule 54(b) outlines this authority and provides that "any order or other decision, however designated, that adjudicates fewer than all of the claims…may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).

When ruling on a motion for reconsideration, a district court "is not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b)."  *Fye*, 516 F.3d at 1223 n.2.  However, some courts have chosen to consider those standards to guide their discretionary decisions.  *See, e.g.*, *Ankeney v. Zavaras*, 524 Fed. App'x 454, 458 (10th Cir. 2013) (the court may look to Rule 59(e)); *Montano v. Chao*, No. 07-cv-00735, 2008 WL 4427087, *5–7 (D. Colo. Sept. 28, 2008) (looking to Rule 60(b)).  The Court shall do the same.

Rule 59(e) permits relief based on: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Rule 60(b) allows relief from a final judgment, order, or proceeding in the event of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud.  *See* Fed. R. Civ. P. 60(1)–(3).  Rule 60(b)(6) also contains a catchall clause for any other reason that justifies relief. However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate…when it offends justice to deny such relief."  *See Zurich North America v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir. 2005). Regardless of the applicable rule, courts

3

have discretion in ruling on a motion to reconsider. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Having reviewed Plaintiff's motion, the Court finds that Plaintiff has not presented any legal or factual basis to reconsider the dismissal of his claims against Defendant Hanuman without prejudice; Plaintiff's motion consists of a demand for a jury trial or dispute resolution.  In sum, the Court finds that there has been no intervening change in the controlling law, no evidence presented here that was previously unavailable, no evidence of fraud, a mistake, or another ground for relief, and no need to correct clear error or to prevent manifest injustice.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reopen Case Against Hanuman Corporation (**Doc. 42**) is **DENIED**.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**