IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHEN S. EDWARDS,

    Plaintiff,

    v.                                                        No. 1:21-cv-01180-KWR-LF

BRITISH SECURITY SERVICES, LLC,

    Defendant.

**ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Order to Show Cause Against Hanuman Corporation DBA: Tru by Hilton Albuquerque North for Obstruction, Failure to Preserve and Destroying Video Evidence (**Doc. 44**).[1] Having reviewed the applicable law, the Court finds that Plaintiff's motion is **NOT WELL TAKEN** and, therefore, is **DENIED**.

Plaintiff Stephen Edwards, proceeding *pro se*, requests that the Court issue an order to show cause why Defendant Hanuman Corporation "should not be sanctioned with Judgement in the amount of $250,000.00 because they have destroyed Video evidence imperative to this case." *See* **Doc. 44, at 1**. Plaintiff recounted the facts surrounding an alleged theft from Defendant's hotel parking lot, from which Plaintiff's claims arise. Plaintiff argues that Defendant Hanuman has seven video cameras that possibly captured the theft, they refuse to provide or preserve evidence from these cameras, and therefore, they should be sanctioned. *See* **Doc. 44, at 2–5**. Plaintiff also asserts that Defendant's counsel, Mr. Robbs, should be referred to the State Bar of

---

[1] The deadline for Plaintiff to file a reply was July 1, 2022 and has now passed, therefore, the Court shall consider this motion fully briefed.

New Mexico "for bad faith attempting to commit fraud upon the court by obstructing justice and not telling the truth on at least 2 occasions." *Id.* **at 5**.

Defendant Hanuman argues that Plaintiff cannot bring a claim for spoliation because Hanuman "is not a party to this action…[and] there are no facts in controversy." *See* **Doc. 48, at 2**. Defendant also argues that Plaintiff's request for sanctions, whether considered under Rules 11 or 37 of the Federal Rules of Civil Procedure, are improper because Plaintiff does not have a claim against Hanuman and Hanuman is not a party to the suit, and because Plaintiff "does not refer to any conduct that would be sanctionable." *Id.* **at 3**. Defendant further notes that if Plaintiff's motion is considered under Rule 11, Plaintiff's failed to comply with the requirements of Rule 11. *Id.* **at 3 n.1**.

Upon review of the pleadings, the Court shall construe Plaintiff's motion as one for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. "Spoliation includes the intentional or negligent destruction or loss of tangible and relevant evidence which impairs a party's ability to prove or defend a claim." *Browder v. City of Albuquerque*, 187 F. Supp. 3d 1288, 1294 (D.N.M. 2016). Rule 37 provides that the Court may sanction a party "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(d). Parties to a lawsuit are under an "obligation to preserve evidence when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Browder*, 209 F. Supp. 3d at 1243 (internal alteration omitted).

"Spoliation sanctions are proper when (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was

prejudiced by the destruction of the evidence." *Turner v. Pub. Serv. Co. of Colorado*, 563 F.3d 1136, 1149 (10th Cir. 2009) (internal quotations omitted). "Even in the absence of a discovery order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106–07 (2d Cir. 2002). In order for a court to sanction a party for spoliation, the moving party must show by a preponderance of evidence that the other party destroyed evidence. *New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, No. 1:12-CV-00526 MV/GBW, 2017 WL 3535293, at *1 (D.N.M. Aug. 16, 2017).

On April 26, 2022, this Court dismissed the claims against Defendant Hanuman without prejudice, thus, Defendant correctly notes that it is no longer a party to this suit. Nonetheless, to the extent Plaintiff's motion references conduct that occurred before Defendant Hanuman's dismissal, the Court concludes that there is no basis to sanction Hanuman. Plaintiff failed to demonstrate that Hanuman failed to preserve evidence or destroyed it; he does not provide any evidence in support of his numerous factual allegations. Additionally, Plaintiff has not shown actual prejudice. Moreover, even if Plaintiff could meet his burden, Plaintiff fails to provide any authority to support an amount of $250,000—a significant penalty relative to the losses claimed in the alleged theft—as an appropriate sanction or fine for the destruction of the supposed videos. Finally, Plaintiff provides no evidence in support of the vague claims asserted against counsel for Defendant. Therefore, the Court shall **DENY** Plaintiff's motion.

**IT IS SO ORDERED**.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**