IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHEN S. EDWARDS,

    Plaintiff,

v.                                                                             No. 1:21-cv-01180-KWR-LF

BRITISH SECURITY SERVICES, LLC,

    Defendant.

## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court *sua sponte* upon reviewing the amended complaint and the record in this case. The Court directs Plaintiff to show cause why the Court should not dismiss his case for the following reasons.

First, it appears that Plaintiff fails to state a claim against British Security Services, LLC, for reasons similar to those already identified by the Court in its prior opinions dismissing other defendants, including its Memorandum Opinion and Order entered on April 26, 2022. **Doc. 36.** It appears that Plaintiff only asserts a negligence claim[1] against Defendant British Security Services. Generally, "a negligence claim requires [1] the existence of a duty from a defendant to a plaintiff, [2] breach of that duty, which is typically based upon a standard of reasonable care, and [3] the breach being a proximate cause and cause in fact of the plaintiff's damages." *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 6, 134 N.M. 43, 47–48, 73 P.3d 181, 185–86. Here, it appears that Plaintiff has not alleged facts (1) identifying a duty from Defendant British Security Services, LLC

---

[1] To the extent Plaintiff asserts other claims against Defendant British Security Services, LLC, he should explain why those claims should not be dismissed for similar reasons described in the Court's memorandum opinions and orders. *See* **Doc. 36**.

to Plaintiff, (2) showing how Defendant British Security Services, LLC breached that duty, and (3) showing the breach as the proximate cause and cause in fact of Plaintiff's damages. Rather, Plaintiff's allegations appear to be focused on other defendants. Moreover, Plaintiff should explain why the Court should not dismiss the claims against British Security Services on the same grounds the Court already identified in prior opinions. *See* **Doc. 36**. Therefore, the Court directs Plaintiff to show cause why his claims against Defendant British Security Services, LLC should not be dismissed for failure to state a claim.

Second, Plaintiff has not yet established subject matter jurisdiction. A federal court has an independent obligation to examine its own jurisdiction at every stage of the proceeding. *Amazon, Inc. v. Dirt Camp, Inc.,* 273 F.3d 1271, 1276 (10th Cir.2001); *Citizens Concerned for Separation of Church & State v. City & County of Denver,* 628 F.2d 1289, 1301 (10th Cir.1980). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.,* 384 F.3d 1220, 1224 (10th Cir.2004); *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017). Accordingly, a court "may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.' " *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)). A court should not proceed in a case unless it has first assured itself that jurisdiction exists. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

Plaintiff invokes diversity jurisdiction[2] pursuant to 28 U.S.C. § 1332, which states that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of

---

[2] Even if Plaintiff asserts that federal question jurisdiction exists, whether diversity jurisdiction exists remains relevant if the Court dismisses the federal claims.

different states." 28 U.S.C. § 1332(a)(1). *See* **Doc. 18 at 2-3.** The Court concludes that the allegations in the Amended Complaint (Doc. 18) are insufficient to establish the citizenships of defendants and thus, the allegations are presently insufficient to establish subject matter jurisdiction in this case.

Plaintiff alleges that defendants are corporations and limited liability companies. For the purpose of diversity jurisdiction, a limited liability company takes the citizenship of all its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Plaintiff must affirmatively identify all the members of British Security Services, LLC and provide the Court with those members' citizenship. *See Okland Oil Co. v. Knight*, 92 F. App'x 589, 608 (10th Cir. 2003) ("Allegations supporting diversity jurisdiction must be pleaded affirmatively."); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company.").

If the members of British Security Services, LLC include individuals, Plaintiff must establish the individual members' citizenship. "[F]or purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). Residency is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (" 'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith*, 445 F.3d at 1260 (citing *Keys*

*Youth Servs., Inc. v. Olathe*, 248 F.3d 1267, 1272 (10th Cir. 2001)). Allegations of residence do not demonstrate citizenship.

Moreover, under § 1332(c), a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff must establish each corporate defendant's state of incorporation and its principal place of business. *See Med. Prac. Mgmt. Grp., LLC v. Gordon*, No. 22-CV-02585-NYW, 2022 WL 5198033, at *2 (D. Colo. Oct. 5, 2022).

Here, Plaintiff does not allege the citizenship of any party, including himself. He summarily asserts the *residency* of parties, but does not allege facts showing the citizenship of any particular party.

Finally, Plaintiff has not established that the amount in controversy exceeds $75,000. This case involves alleged negligence resulting in third-parties stealing certain personal items from his vehicle. Plaintiff bears the burden to establish that the amount in controversy exceeds $75,000.

For all these reasons, it appears that Plaintiff has not yet carried his burden of establishing subject matter jurisdiction. Plaintiff should show cause why his case should not be dismissed without prejudice for lack of subject matter jurisdiction.

Plaintiff **SHALL SHOW CAUSE** why this case should not be dismissed without prejudice for lack of subject matter jurisdiction or for failure to state a claim. Plaintiff **SHALL RESPOND** to this order to show cause within **fourteen (14) days** of the entry of this order. If Plaintiff fails to respond to this order to show cause or address the issues raised herein, the Court may dismiss his case without further notice.

**IT IS SO ORDERED**.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**